IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES R. WALSH, ESQUIRE, TRUSTEE )
OF THE BANKRUPTCY ESTATE OF )
ALAN DAVID MCMURRY )
)
    Movant/Appellee, )
)
v. ) Civil Action No. 06-003J
)
ALAN DAVID MCMURRY, ) Appeal from Bankruptcy No. 05-29822BM
)
    Respondent/Appellant. )

### MEMORANDUM OPINION and ORDER

**GIBSON, J.**

### SYNOPSIS

This matter comes before the Court on appeal from the Order of the United States Bankruptcy Court for the Western District of Pennsylvania dated December 6, 2005. The bankruptcy court held that Debtor's Individual Retirement Account was not exempt under 11 U.S.C. § 522(d)(10)(E). Debtor, Alan David McMurry, appealed the decision of the bankruptcy court regarding his Individual Retirement Account arguing that he is entitled to exempt his Individual Retirement Account under 11 U.S.C. § 522(d)(10)(E). (Document No. 2). Trustee, James R. Walsh, responded by arguing that Debtor's Individual Retirement Account is not entitled to exemption under 11 U.S.C. § 522(d)(10)(E). (Document No. 3). The Court finds that the bankruptcy court is incorrect in concluding that the Individual Retirement Account is not eligible for exemption under § 522(d)(10)(E) and reverses and remands this issue for further consideration by the bankruptcy court in accordance with this decision.

## JURISDICTION and STANDARD OF REVIEW

The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a). The Court has plenary authority to review the bankruptcy court's legal rulings, but the Court cannot disturb the bankruptcy court's factual findings unless it committed clear error. *In re Schick*, 418 F.3d 321, 323 (3d Cir. 2005).

## BACKGROUND[1]

Debtor, Alan David McMurry (hereinafter "Debtor"), filed his Voluntary Petition under Chapter 7 on July 29, 2005. (Document No. 2, p. 4; Document No. 3, p. 2). On Debtor's amended Schedule C of his bankruptcy petition Debtor listed his Individual Retirement Account (hereinafter "IRA") as an asset in the amount of $22,938.17. (Document No. 2, p. 4; Document No. 3, p. 2). Debtor claimed his IRA as exempt property under two separate provisions of the Bankruptcy Code. (Document No. 2, p. 4; Document No. 3, p. 3). First, Debtor claimed $8,780.00 as exempt under § 522(d)(5), the general exemption provision.[2] (Document No. 2, p. 4; Document No. 3, p. 3). This exemption is not challenged by James R. Walsh, Chapter 7 Trustee (hereinafter "Trustee"), and is not in issue in this appeal. (Document No. 2, p. 4; Document No. 3, p. 4). Debtor claimed the remainder of his IRA account, $14,158.17, was exempt under § 522(d)(10)(E).[3] (Document No. 2, p. 4; Document No. 3, p. 2).

---

[1] The facts of the case were stipulated to and are uncontroverted. (Document No. 3, p. 2).

[2] "The following property may be exempted...(5) [t]he debtor's aggregate interest in any property, not to exceed in value $975 plus up to $49,250 of any unused amount of the exemption provided under paragraph (1)[homestead] of this subsection." 11 U.S.C. § 522(d)(5).

[3] "The following property may be exempted...(10) [t]he debtor's right to receive...(E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor..." 11 U.S.C. § 522(d)(10)(E).

A short hearing was held before the bankruptcy judge on December 6, 2005. (Document No. 3, p. 4; Document No. 4, p. 1). After the hearing the bankruptcy court issued an Order dated December 5, 2005 which "ORDERED, ADJUDGED, and DECREED that the exemption as claimed is disallowed and that the amount of $14,158.17 from Alan's IRA account is property of this Bankruptcy Estate and shall be turned over to the Trustee for distribution to the unsecured creditors." (Record on Appeal - December 6, 2005 Order).

The Court disagrees with the bankruptcy court's holding that the amount of $14,158.17 from Debtor's IRA is not exempt under § 522(d)(10)(E). The case is reversed and remanded on this issue for analysis by the bankruptcy court of whether the IRA is reasonably necessary for the support of the Debtor.

## DISCUSSION

*IS DEBTOR'S IRA EXEMPT UNDER 11 U.S.C. § 522(d)(10)(E)?*

Section 522(d)(10)(E) provides an exemption for the debtor's right to receive:

> "a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor..."

11 U.S.C. § 522(d)(10)(E) (hereinafter "§ 522(d)(10)(E)").

Therefore, in order for an IRA to be exempted under this provision it must meet three requirements:

> "1) the right to receive payment must be from 'a stock bonus, pension, profitsharing, annuity, or similar plan or contract'; 2) the right to receive payment must be 'on account of illness, disability, death, age, or length of service'; and 3) even then, the right to receive payment may be exempted only 'to the extent' that it is 'reasonably necessary to support' the accountholder or [her] dependents."

*Rousey v. Jacoway*, 544 U.S. 320, 326, 125 S.Ct. 1561, 161 L.Ed.2d 563 (2005) (quoting §

522(d)(10)(E)).

In *Rousey* the United States Supreme Court (hereinafter "Supreme Court") addressed the first two requirements and held that IRAs do fulfill these two requirements. *Rousey*, 544 U.S. at 326. The Supreme Court held that the first requirement was met because "[t]he common feature of all of [the listed] plans is that they provide income that substitutes for wages earned as salary or hourly compensation" and IRAs constitute income that substitutes for wages. *Id.* at 331. The Supreme Court reasoned that IRA income is a substitute for wages as demonstrated by several things including: 1) minimum distribution requirements starting at age seventy and one-half when accountholders are likely to be retired and lack wage income; 2) tax deferment until withdraw occurs; 3) tax penalties for withdraw prior to retirement years; and 4) tax penalties for failure to withdraw during retirement years. *Id.* at 331-32. The Supreme Court held that an IRA meets the second requirement because "IRAs provide a right to payment on account of age." *Id.* at 328. The Supreme Court reasoned that the right to payment "is causally connected to [] age" because the 10% penalty for early withdraw, prior to age fifty-nine and one-half, effectively prevents access to the entire balance of the IRA.[4] *Id.* at 327-28.

The Court disagrees with the bankruptcy court's holding that the amount of $14,158.17 from Debtor's IRA is not exempt under § 522(d)(10)(E). Although the bankruptcy court's Order states no reasons for the holding, the Court finds it clear that the bankruptcy court's holding is based on the

---

[4] "'See Amromin & Smith, What Explains Early Withdrawals from Retirement Accounts? Evidence from a Panel of Taxpayers, 56 National Tax Journal 595, 602 (Sept. 2003) (Table 1) (3.4 percent of IRA holders took penalized withdrawals in 1996); *In re Cilek*, 115 B.R. 974, 988, n. 15 ([Bankr]. Ct. W.D. Wis. 1990) ("[O]f the $6,457,306,674 deposited in IRAs in the nation's credit unions, only 1.2% was withdrawn early and suffered a tax penalty during 1987, and only 1.27% was withdrawn during 1988"); see also Sabelhaus, Projecting IRA Balances and Withdrawals, 20 Employee Benefit Research Institute Notes 1, 3 (May 1999) (finding that "[t]he pattern in both [1993 and 1996] suggests infrequent withdrawals from IRAs" by those under 59 ½ and noting the consistency of this pattern with the view that the penalty has a big impact on withdrawal behavior")." *Rousey v. Jacoway*, 544 U.S. 320, 329 n.2, 125 S.Ct. 1561, 161 L.Ed.2d 563 (2005).

4

premise that *In re Clark* remains good law. It is the opinion of the Court, as discussed below, that *Rousey* implicitly overruled the Third Circuit's decision in *In re Clark*.

The Third Circuit held in *In re Clark*, 711 F.2d 21 (3d Cir. 1983) that if the debtor does not have a present right to receive payment under the plan in question, the debtor does not have a right to claim an exemption for the plan under § 522(d)(10)(E). *Id.* at 23. The Third Circuit focused on House Report 8200 where it was noted that the "historical purpose [] of the exemption laws has been to protect a debtor from his creditors, to provide him with the basic necessities of life..." *Id.* at 23. Based on this language the Third Circuit affirmed the district court's decision that "because Clark had no present right to receive payments from the plan, his exemption does not fall within the literal terms of section 522(d)(10)(E)." *Id.* at 22. As additional support for its holding the Third Circuit also cited *Matter of Kochell*, 26 B.R. 86 (Bankr. W.D. Wis. 1982) which held, when looking at the issue of whether § 522(d)(10)(E) entirely exempts pension plans or just present payments, that the underlying purpose of the section was to alleviate present rather than long-term need and a 44 year old doctor in apparent good health could not demonstrate such need. *Id.*

Since the *Rousey* decision courts in the Third Circuit have struggled with the question of whether or not the decision overruled *In re Clark*. *In re Wiggins*, 341 B.R. 506, 509-512 (M.D. Pa. 2006) presents a very well reasoned argument that *Rousey* did in fact overrule *In re Clark*.[5] The *In re Wiggins* court held that the *In re Clark* decision is inconsistent with the *Rousey* decision and, therefore, is implicitly overruled. *Id.* at 511-12. The *In re Wiggins* court reasoned and held as follows:

---

[5] On the other hand, *Walsh v. Reott*, Civil Action No. 06-240 (W.D. Pa. 2006) holds that since *Rousey* did not address the third requirement or explicitly overrule *In re Clark* that it remains good law and controlling law in the Third Circuit. Therefore, the *Reott* court held that an IRA without a present right to payment, regardless of the age of the debtor, is not exempt under 11 U.S.C. § 522(d)(10)(E). *Id.* at 3. *See also In re Andrezejewski*, 337 B.R. 835 (Bankr. W.D. Pa. 2006) (holding *In re Clark* is still good law).

5

    We agree with the bankruptcy court that *Clark* is no longer good law in light of *Rousey*. We cannot "lightly abjure" a binding decision of the court of appeals, *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 319 (M.D. Pa. 2004), but when the decision has been "undermined" by a later decision of the Supreme Court, we are obligated to recognize that the circuit case has been overruled. *Id.* An implicit overruling is sufficient. *Id.* So is an inconsistency in the holdings. *Finch v. Hercules, Inc.* 865 F. Supp. 1104, 1121 (D. Del. 1994).

    We cannot see how *Clark* can be applied consistently with *Rousey*. *Clark* focused on the broad purpose of the exemption provisions to provide a "fresh start" for the debtor. In this light, a fund providing payments only in the long term was not necessary for the support of the debtor and hence not exemptible unless the debtor was currently receiving payments (or under *Velis* eligible for payments). On the other hand, *Rousey* focused narrowly on the statutory language itself and explained that the types of plans or contracts exemptible under section 552(d)(10)(E) as "similar" to those specifically mentioned in the section are those that provide income that substitutes for wages. No other limitation is imposed, and no higher purpose of the Bankruptcy Code is invoked. And, of course, the [Supreme] Court specifically detailed just how an IRA does provide income that substitutes for wages and hence is exemptible.

    Significantly, the [Supreme] Court noted the ways that the plans or contracts mentioned in section 552(d)(10)(E) differed from each other, but did not include those differences in its analysis of what constitutes a "similar plan or contract" under the section. Some of those differences shed some light here. Pension plans and annuities provide deferred payment, but profitsharing and stock bonus plans do not, and a pension provides retirement income, but none of the other plans necessarily do. 544 U.S. at 330-32, 125 S. Ct. at 1569, 161 L. Ed. 2d at 574. In other words, the factor essential [] to the Third Circuit's rule, whether the plan or contract provides for immediate payments or deferred payments (or deferred payments by way of retirement income), is immaterial to the Supreme Court's approach, which looks only to the elements that the plan or contract at issue have in common with the statutorily enumerated arrangements. Hence, we agree with the bankruptcy judge that *Rousey* implicitly overruled *Clark*, and respectfully disagree with courts that have decided that *Clark* maintains its vitality.

*Id.* at 511-12.

The Court agrees with the reasoning and holding in *In re Wiggins*. Further, the Court finds that to the extent the Third Circuit held that an IRA without a present right to receive a payment is per se not entitled to exemption under § 522(d)(10)(E) the *Rousey* decision overruled it by holding that IRAs of debtors who were under fifty-nine and one-half years of age when they filed their bankruptcy petition were exempt under § 522(d)(10)(E). The Rouseys did not have a present right to payment without

penalty until they were fifty-nine and one-half years old, therefore, at the time of their bankruptcy petition when they could only withdraw from their IRA by incurring the ten percent penalty for early withdraw, they had not reached fifty-nine and one-half years of age and clearly had no present right of payment.[6] Despite the fact the Rouseys were under fifty-nine and one-half years of age at the time they filed their bankruptcy petition, the Supreme Court still held their IRAs were exempt under § 522(d)(10)(E). *Rousey*, 544 U.S. at 326-31. This inconsistency between *Rousey* and *In re Clark* requires that *In re Clark* be regarded as overruled on this point. *See also In re Booth*, 331 B.R. 233, 236 (Bankr. W.D. 2005) (holding any inconsistency must be resolved in favor of the United States Supreme Court and based on the *Rousey* decision "it matters not when considering whether [] the IRA may be exempted under § 522(d)(10)(E) whether the debtors are receiving, or are presently entitled to receive, payments therefrom[]"); *In re Seaton*, __ B.R. __, 2006 WL 214608 *4 (Bankr. W.D. Pa. August 2, 2006) ("it is now irrelevant to Debtor's exemption...under § 522(d)(10)(E) that Debtor is neither presently receiving nor currently entitled to receive a distribution..."). Therefore, in the case *sub judice* the Court finds that Debtor's IRA meets the first two requirements to be exempt under § 522(d)(10)(E), and whether Debtor has a present right to payment under his IRA is irrelevant to the analysis of whether or not his IRA is exempt under this section.

The Court recognizes that the Supreme Court did not address the third requirement for an IRA to be exempt under § 522(d)(10)(E), that the right to receive payment be exempt only to the extent reasonably necessary for the support of the debtor. Relevant caselaw sets forth factors that are to be used by a bankruptcy court in assessing whether the right to receive payment is reasonably necessary

---

[6] The Rouseys were under the age of fifty-nine and one-half years when they filed for bankruptcy. *See In re Rousey*, 275 B.R. 307, 309, 311 (Bankr. W.D. Ark. 2002) (debtors testified that they had a right to withdraw their IRA funds at any time subject to the ten percent federal tax penalty imposed for withdrawal before reaching age fifty-nine and one-half).

to support the debtor and how much of the right to receive payment is subject to exemption. *In re Booth*, 331 B.R. 233, 236 (Bankr. W.D. 2005). These factors are: 1) debtor's present and anticipated living expenses; 2) debtor's present and anticipated income from all sources; 3) the age of the debtor and his dependents; 4) the health of the debtor and his dependents; 5) debtor's ability to earn a living; 6) debtor's job skills, training and education; 7) debtor's other assets, including exempt assets; 8) the liquidity of other assets; 9) debtor's ability to save for retirement; 10) the special needs of the debtor and his dependents; and 11) debtor's continuing financial obligations, e.g., alimony or support payments. *Id.* at 236-37.

The record from the bankruptcy court indicates these factors were not considered in connection with the bankruptcy court's Order dated December 6, 2005. (Record on Appeal - Order dated December 6, 2005). Therefore, in light of this holding the bankruptcy court's decision is reversed and this case is remanded for further consideration in accordance with this decision, specifically, whether the IRA is reasonably necessary for the support of the Debtor.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES R. WALSH, ESQUIRE, TRUSTEE ) <br> OF THE BANKRUPTCY ESTATE OF ) <br> ALAN DAVID MCMURRY ) <br> ) <br> Movant/Appellee, ) <br> ) <br> v. ) <br> ) <br> ALAN DAVID MCMURRY, ) <br> ) <br> Respondent/Appellant. ) | Civil Action No. 05-290J <br><br> Appeal from Bankruptcy No. 03-34318BM |

## ORDER

**GIBSON, J.**

    **AND NOW**, this 18th day of August, 2006, after considering the appeal from the December 6, 2005 Order of the United States Bankruptcy Court for the Western District of Pennsylvania filed by Debtor, Alan David McMurry, (Document No. 2) and Trustee, James R. Walsh's, Response (Document No. 3) IT IS HEREBY ORDERED that the bankruptcy court's decision that the amount of $14,158.17 from Debtor's IRA is not exempt under § 522(d)(10)(E) is REVERSED and REMANDED in accordance with this Memorandum Opinion and Order which holds *In re Clark* was impliedly overruled by *Rousey*, therefore, Debtor's IRA meets the first two requirements for exemption under § 522(d)(10)(E), consideration of whether Debtor has a present right to payment from his IRA is irrelevant to the analysis of whether his IRA is exempt under this section and the only issue remaining

regarding whether Debtor's IRA meets the requirements for exemption under § 522(d)(10)(E) is whether the IRA is reasonably necessary for his support, a fact intensive question for the bankruptcy court's determination.

BY THE COURT:

*/s/ Kim R. Gibson*

KIM R. GIBSON,  
UNITED STATES DISTRICT JUDGE